IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MR. & MRS. GREG DERMARGOSIAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:12-CV-4687-D |
| VS. | § | |
| | § | |
| ARPIN AMERICA MOVING | § | |
| SYSTEMS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The dispositive question presented by plaintiffs' motion to remand is whether under Fed. R. Civ. P. 6(d), and in the circumstances of this case, three days are added to the 30-day removal period prescribed by 28 U.S.C. § 1446(b)(1). Concluding that Rule 6(d) does not enlarge the removal period in the present circumstances, the court grants the motion and remands this case to county court, although it denies plaintiffs' request for attorney's fees.

I

Because this motion turns on the timeliness of removal, the pertinent background facts are few. Plaintiffs Mr. and Mrs. Greg DerMargosian ("the DerMargosians") filed this lawsuit against Arpin America Moving Systems, LLC ("Arpin") in county court on October 8, 2012. On October 12, 2012 the DerMargosians filed a first amended petition. That same day, the clerk of the county court mailed, and on October 16, 2012 Arpin received, the citation and plaintiffs' first amended petition. Arpin filed its notice of removal on November

16, 2012, i.e., 31 days after Arpin received the citation and first amended petition.[1]

The DerMargosians move to remand, contending, in pertinent part, that Arpin's removal was one day late and therefore untimely. Arpin argues in response that, since it was served by mail with the first amended petition, three days are added to the 30-day period under Rule 6(d), and its removal of the case is therefore timely.

II

28 U.S.C. § 1446(b)(1) provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days *after the receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* (emphasis added). Rule 6(d) states that, "[w]hen a party may or must act within a specified time after *service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire." *Id.* (emphasis added).[2] Section 1446(b)(1) makes clear that the removal

---

[1]The DerMargosians filed a second amended petition on November 15, 2012. Arpin filed an answer to the second amended petition the same day. Arpin does not argue that the filing of the second amended petition created a new removal window.

[2]Although neither side raises this point, the court notes that, assuming the 30-day statutory period could be extended by a rule of procedure, the pertinent rule of procedure could be Tex. R. Civ. P. 21a rather than Rule 6(d). When a case is removed, the federal court takes the case as it finds it, subject to the applicable federal rules, and treats everything that occurred in the state court as if it had taken place in federal court. *Vernon Sav. & Loan Ass'n, FSA v. Commerce Sav. & Loan Ass'n*, 677 F. Supp. 495, 498 (N.D. Tex. 1988) (Fitzwater, J.). But it is arguable that *prior* to removal—i.e., at the time when a case is not yet in federal court—the Texas Rules of Civil Procedure rather than the Federal Rules of Civil Procedure control. The court need not resolve this question, however, because Tex. R. Civ. P. 21a is essentially the same as Rule 6(d). Like Rule 6(d), Tex. R. Civ. P. 21a provides

period is triggered by *receipt*, not by *service*. *See Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374, 377 (S.D. Tex. 2006) ("[T]he thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals on its face a basis for federal jurisdiction.") (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)); *see also Marquis Acquisition, Inc. v. Steadfast Ins. Co.*, 2010 WL 2900339, at *3 (N.D. Tex. July 20, 2010) (Fitzwater, C.J.) ("[D]efendants were required to remove the case within 30 days of their receipt of the original petition."). Because the date by which notice of removal must be filed is tied to *receipt* rather than *service*, Rule 6(d) does not apply.[3]

The distinction between *service* and *receipt* for purposes of adding three days makes sense. For example, in the case of service by mail, service is considered complete when the pleading or other paper is deposited in the mail. *See* Rule 5(b)(2)(C) ("service is complete upon mailing); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 746 F.2d 278, 289 (5th Cir. 1984) ("Service by mail is complete upon mailing.") (citing former Rule 5(b)). Because the clock starts upon mailing, three days are added to provide a roughly equal period to act to those who receive personal service and those who receive service through a less direct route.

---

that, "[w]henever a party has the right or is required to do some act within a prescribed period after the *service* of a notice or other paper upon him and the notice or paper is served upon by mail or by telephonic document transfer, three days shall be added to the prescribed period." *Id.* (emphasis added).

[3]Moreover, because Rule 6(d) is tied to service made under Rule 5(b)(2)(C), (D), (E), or (F), it can only apply to service that is permitted and made under Rule 5, which is limited to what is covered in Rule 5(a)(1)(A)-(E). Service under Rule 4, which is more common because it governs service of the summons and complaint, is not affected by Rule 6(d).

-3-

*See* 1 Moore's Federal Practice § 6.05[1] (3d ed. 2012). When a time period for acting is premised on service, such an extension is justifiable. But a similar justification cannot be found when receipt is the triggering event because there is no lag or risk of failure for which to account. *See Mitchell v. Ky.-Am. Water Co.*, 178 F.R.D. 140, 142 (E.D. Ky. 1997). The court therefore holds that, in the circumstances of this case,[4] Rule 6(d) does not extend the 30-day removal period prescribed in § 1446(b)(1). This accords with the majority view when presented with similar circumstances. *See Daniel v. United Wis. Life Ins. Co.*, 84 F.Supp.2d 1353, 1356 (N.D. Ala. 2000) ("[T]he great majority of courts to consider the issue have concluded that Rule 6(d) does not extend the statutory 30-day period for filing a notice of removal."); *see also Knight v. J.I.T. Packaging, Inc.*, 2008 WL 4981081, at *2 (N.D. Ohio Nov. 24, 2008) (collecting cases).

The district courts that reach a contrary result appear to do so on the basis that *receipt* of a pleading or paper for purposes of § 1446(b)(1) is the date on which *service* is made under state law, even if the defendant has not yet in fact received the pleading or paper. For instance, if, as in federal law, service by mail under state law is complete upon mailing, then the defendant has received the initial pleading for purposes of § 1446(b)(1) when the mailing occurs. *See, e.g., Grossman v. ABC Appliance, Inc.*, 1999 U.S. Dist. LEXIS 2786, at *5 (E.D. Mich. Feb. 9, 1999); *Orr v. Trina, Inc.*, 1994 WL 28028, at *1 (N.D. Cal. Jan. 21,

---

[4]The court need not address whether there are other circumstances where the 30-day period would be extended. It is sufficient for purposes of plaintiffs' motion to base the decision on the procedural posture of this case.

-4-

1994). The reasoning appears to be that "'receipt,' as measured by the statute, is through either [] 'service' or [] 'otherwise.'" *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (N.D. Ohio 2002); *see also Moran v. Guardian Auto. Prods., Inc.*, 2005 WL 1308879, at *2 (N.D. Ohio June 1, 2005). But if *receipt* in § 1446(b)(1) is read to mean actual *receipt*, not receipt beginning sometime beforehand (e.g., receipt based on service calculated on the basis of when a pleading or paper was mailed), there is no need to engraft extension periods on § 1446(b)(1). The Supreme Court has implicitly recognized that receipt means actual receipt, not an earlier date that qualifies as such based on the date of service, by noting that a "defendant's period for removal will be no less than 30 days from service" but may sometimes "be more than 30 days from service, *depending on when the complaint is received.*" *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 348, 354 (1999) (emphasis added).

Accordingly, the court holds that the 30-day removal period was triggered by Arpin's actual receipt of the citation and plaintiffs' first amended petition via mail on October 16, 2012. The removal period therefore expired on November 15, 2012. Arpin did not remove this case until November 16, 2012. The DerMargosians' motion to remand the case to county court must therefore be granted. *See, e.g., Marshall v. Air Liquide-Big Three, Inc.*, 2006 WL 286011, at *2 (E.D. La. Feb. 7, 2006) ("The thirty day period is mandatory, unless the party seeking a remand waives that requirement." (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989))).

III

The DerMargosians also move for an award of attorney's fees on the ground that Arpin's removal was not objectively reasonable. The court denies the motion.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). It is apparent from the analysis above that the Supreme Court and the Fifth Circuit have not definitely resolved the interrelationship between § 1446(b)(1) and Rule 6(d). Although the majority of lower court cases reject Arpin's position, the court is unable to say that removal was objectively unreasonable under the circumstances.

\*   \*   \*

Accordingly, the court grants plaintiffs' December 4, 2012 motion to remand. This action is remanded to Dallas County Court at Law No. 1 of Dallas County, Texas. The clerk

shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

March 4, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE